UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WALKINGTON,

    Plaintiff,                                Hon. Paul L. Maloney

v.                                              Case No. 1:20-cv-34

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security granting Plaintiff's claim for Supplemental Security Income (SSI), but denying his claim for Disability Insurance Benefits (DIB). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019).

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 50 years of age on his alleged disability onset date. (ECF No. 6-5, PageID.308). He successfully completed high school and worked previously as a front-end load operator, tractor operator, motor vehicle assembler, and construction worker. (ECF No. 6-2, PageID.59-60). Plaintiff applied for benefits on June 21, 2016, alleging that he had been disabled since September 26, 2014, due to rib and pelvic fractures, chronic pain, degenerative disc disease, carpal tunnel syndrome, hypertension, and depression. (ECF No. 6-5, 6-6, PageID.308-14, 329).

Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 6-3, 6-4, PageID.177-297). Following an administrative hearing, ALJ Nicholas Ohanesian, in an opinion dated October 31, 2018, determined that Plaintiff qualified for SSI benefits beginning October 2, 2018, but did not qualify for DIB benefits because his disability began well after the expiration of his insured status. (ECF No. 6-2, PageID.45-62, 68-101). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further

finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: degenerative disc disease of the cervical and lumbar spine, chronic obstructive pulmonary disease (COPD), and depression, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 6-2, PageID.48-50).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can occasionally push/pull and reach overhead with his left upper extremity; (2) he can occasionally balance, stoop, kneel, crouch, and crawl; (3) he can occasionally climb stairs, but can never climb ladders; (4) he requires the ability to change positions between sitting and standing every 30 minutes; (5) he cannot have concentrated exposure to humidity and temperature extremes; (6) he is limited to simple, routine tasks requiring simple, work-related decisions; (7) he can have occasional contact with the public; and (8) requires a hand-held device when traversing uneven terrain.   (ECF No. 6-2, PageID.50-51).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316.   In satisfying this burden, the ALJ may rely on a vocational expert's testimony.   *Ibid*.

In this case, a vocational expert testified that there existed approximately 405,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.   (*Id.*, PageID.93-99).   This represents a significant number of jobs.   *See, e.g., Taskila v. Commissioner of Social Security*,

819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

While this testimony supported the denial of Plaintiff's claims, the ALJ further found that as of October 2, 2018, Plaintiff was disabled pursuant to the Medical-Vocational Guidelines (a.k.a. the Grids).[1] Specifically, the ALJ found Plaintiff disabled pursuant to Rule 202.06 of the Grids, which applies to claimants of advanced age whose education and previous work experience are not compatible with direct entry into skilled work.[2] 20 C.F.R., Part 404, Subpart P, Appendix 2, § 202.06. Thus, Plaintiff was found eligible to receive SSI benefits, but because his insured status expired on June 30, 2017, Plaintiff was not eligible to receive DIB benefits. *See* 42 U.S.C. § 423 (to be eligible for DIB, a claimant must establish that

---

[1] **Error! Main Document Only.**The medical-vocational guidelines, also known as the "grids," consider four factors relevant to a claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if he satisfies the requirements of a rule correlating to a finding of disability. *See, e.g., Branon v. Commissioner of Social Security*, 539 Fed. Appx. 675, 679 (6th Cir., Oct. 2, 2013).

[2] Plaintiff did not actually attain "advanced age" until April 3, 2019, however, an ALJ has the discretion to place a claimant into a particular age category a "few months" early. *See* 20 C.F.R. §§ 404.1563, 416.963; *Truman v. Secretary of Health and Human Services*, 1989 WL 98521 at *3 n.4 (6th Cir., Aug. 24, 1989) (ALJ placed claimant into next older age category six months prior to his actual attainment of such); *Smith v. Colvin*, 2016 WL 4703686 at *5 (E.D. Okla., Sept. 8, 2016) (recognizing that an ALJ has the discretion to place a claimant into the next older age category up to six months prior to actual attainment of such).

he became disabled prior to the expiration of his insured status). Thus, the question presented by Plaintiff's appeal is not whether Plaintiff is disabled, but instead whether his disability began at an earlier date.

## I. Treating Physician Doctrine

On July 19, 2018, Dr. Gregory Lawson completed a questionnaire regarding Plaintiff's physical residual functional capacity. (ECF No. 6-8, PageID.586-89). The doctor concluded that Plaintiff was more limited than the ALJ concluded. The ALJ, however, afforded only "partial weight" to Dr. Lawson's opinions. (ECF No. 6-2, PageID.58). Plaintiff argues that he is entitled to relief because the ALJ failed to articulate good reasons for affording less than controlling weight to the opinions of his treating physician.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Ibid.* (citation omitted). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment

relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Ibid.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

Dr. Lawson asserted that, during an 8-hour workday, Plaintiff can sit and stand/walk for less than 2 hours each. (ECF No. 6-8, PageID.587). The doctor reported that Plaintiff "frequently" needs to lay down and would have to "frequently" take unscheduled breaks during the workday. (*Id.*). The doctor also reported that Plaintiff can never stoop or crouch and can only rarely climb stairs. (*Id.*, PageID.588). The ALJ discounted Dr. Lawson's opinions because such were inconsistent with the medical evidence.

As the ALJ recognized, Plaintiff's difficulties appear to have resulted from a 2012 accident in which he fell out of a tree and suffered significant trauma. (ECF No. 6-2, 6-7, PageID.51, 489). An August 1, 2013, MRI revealed a herniated disc spur at C5-6. (ECF No. 6-8, PageID.561). A March 13, 2014, EMG examination revealed "mild" carpal tunnel syndrome, cubital tunnel syndrome, and ulnar neuropathy. (*Id.*). On August 1, 2014, Plaintiff underwent cervical disc fusion

surgery at C5-6.  (*Id.*, PageID.564).  April 19, 2016, treatment notes state that Plaintiff's cervical radiculopathy is "well controlled after surgery."  (ECF No. 6-7, PageID.417).

With respect to Plaintiff's lower back pain, examinations revealed tenderness, but no indication of atrophy, fasciculation, weakness, sensory abnormality, gait difficulty, or impaired range of motion.  (ECF No. 6-7, 6-8, PageID.412, 420, 422, 424, 427, 430, 432, 434, 436, 438, 570, 580, 600, 610, 614, 628, 633, 638-39, 650, 653, 656).  Likewise, Babinksi[3] and straight-leg testing were both consistently negative.  (*Id.*, PageID.430, 434, 436, 499, 596, 599, 650, 653, 656).  Plaintiff was prescribed conservative treatment and his reported activities are inconsistent with Dr. Lawson's opinions.  For example, Plaintiff reported that he still goes fishing occasionally and has accompanied a friend hunting.  (ECF No. 6-7, PageID.491).  Plaintiff also reported that he cares for his dogs, prepares his own meals, cleans, drives, shops, and washes laundry.  (*Id.*).

---

[3] **Error! Main Document Only.**Babinski test is a neurological test designed to "determine adequacy of the higher (central) nervous system."  *See* Medical Definition of Reflex, Babinski, available at http://www.medicinenet.com/script/main/art.asp?articlekey=7171 (last visited on July 30, 2020).

In sum, the ALJ articulated good reasons, supported by substantial evidence for discounting Dr. Lawson's opinions. Accordingly, this argument is rejected.[4]

## II. Residual Functional Capacity

Plaintiff next argues that the ALJ's RFC assessment is inconsistent in that it finds that Plaintiff can perform light work despite requiring a cane to ambulate. Specifically, Plaintiff argues that it is illogical to assert that he can lift 20 pounds while using a cane. The Court is not persuaded.

First, the ALJ did not conclude that Plaintiff required a cane or other assistive device to ambulate generally. As the discussion in the preceding section reveals, the evidence supports no such restriction. Instead, the ALJ concluded that Plaintiff required a "handheld assistive device" only when "traversing uneven terrain." (ECF No. 6-2, PageID.51). Contrary to Plaintiff's arguments, this limitation is not incompatible with light work or the jobs identified by the vocational expert. Furthermore, to the extent that Plaintiff argues that he is only capable of performing sedentary work, such is refuted by the evidence discussed above. Accordingly, this argument is rejected.

---

[4] The Court further notes that Dr. Lawson completed his report on July 19, 2018, less than three months before the ALJ found Plaintiff eligible for SSI benefits, and the doctor did not assert that his opinions applied prior to that date. (ECF No. 6-8, PageID.589). Thus, even had the ALJ afforded controlling weight to the doctor's opinions, such would not have resulted in a different result with respect to the denial of Plaintiff's DIB claim.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: August 2, 2020            /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge