UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WALKINGTON,

    Plaintiff,

v.

    Case No. 1:20-cv-34

COMMISSIONER OF SOCIAL SECURITY,

    Honorable Hala Y. Jarbou

    Defendant.
_____/

# ORDER

This is an action under 42 U.S.C. § 405(g) to review a final decision of the Commissioner of Social Security granting Plaintiff's claim for Supplemental Social Security Income, but denying his claim for Disability Insurance Benefits. Magistrate Judge Phillip J. Green has issued a Report and Recommendation (R&R) recommending that the Court affirm the Commissioner's decision (ECF No. 16). Before the Court are Plaintiff's objections to the R&R (ECF No. 17).

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

One of the key disputes in this case is whether Plaintiff was disabled before his disability benefits expired on June 30, 2017. Plaintiff claims that his disability began in 2014, but the

Administrative Law Judge ("ALJ") determined that he was disabled as of October 2, 2018. Before that date, he was capable of performing light work with the following limitations:

> [H]e can occasionally push and/or pull with the left upper extremity. He can occasionally climb stairs, and occasionally balance, stoop, kneel, crouch, and crawl. He can never climb ladders. He can occasionally reach overhead with the left upper extremity. He requires the option to change positions between sitting and standing every 30 minutes. . . . And he will require the use of a handheld assistive device when traversing uneven terrain.

(ALJ Decision, ECF No. 6-2, PageID.50-51.)

In his objections, Plaintiff refers to the opinion of an examining physician, Dr. Lazzara, who saw Plaintiff in November 2016. Dr. Lazzara noted that Plaintiff lives by himself, is able to drive, and is able to "do his activities of daily living," including "household chores, grocery shop[ping] and yard work." (Medical Records, ECF No. 6-7, PageID.498.) Plaintiff told Dr. Lazzara that he can "sit and stand two hours, walk a mile and lift 25 pounds on occasion." (*Id.*) Dr. Lazzara observed that Plaintiff had "mild difficulty getting on and off the examination table, moderate difficulty heel and toe walking, moderate difficulty squatting, and moderate difficulty standing 3 seconds on either foot due to stiffness, pain and balance." (*Id.*, PageID.499.) Dr. Lazzara also observed that Plaintiff's muscle tone was normal and that Plaintiff walks with a "guarded gait" and a "mild limp." (*Id.*, PageID.501.) Plaintiff did not use a cane, but Dr. Lazzara concluded that, because Plaintiff "has difficulty doing orthopedic maneuvers due to stiffness, pain and balance," "[t]he use of a cane on uneven ground would provide some additional benefit for fall protection." (*Id.*, PageID.498, 502.) Lazzara also concluded that Plaintiff could sit and stand for up to four hours a day and carry up to 15 pounds. (*Id.*, PageID.496.)

The ALJ gave "significant, but not great weight" to the opinion of Dr. Lazzara. (ALJ Decision, PageID.57-58.) The ALJ noted that Dr. Lazzara's opinion was inconsistent with Plaintiff's statements, and that other examinations from 2016 and earlier consistently noted, among

other things, "moderate impairments," a "normal gait," "no acute distress," and full strength in Plaintiff's lower extremities. (*Id.*, PageID.56, 58; *see, e.g.*, Medical Records, PageID.412, 420, 422, 424.)

In July 2018, over a year after Plaintiff's disability benefits expired, Plaintiff's primary care physician, Dr. Lawson, opined that Plaintiff required the use of a walking aid, and could only lift or carry up to 10 pounds. (ALJ Decision, PageID.58.) The ALJ gave "partial weight" to Dr. Lawson's opinion. (*Id.*) As noted in the R&R, Plaintiff reported an activity level that was inconsistent with Dr. Lawson's opinion. "Plaintiff reported that he still goes fishing occasionally and has accompanied a friend hunting. Plaintiff also reported that he cares for his dogs, prepares his own meals, cleans, dries, shops, and washes laundry." (R&R 10 (citations omitted).) Accordingly, the ALJ determined that Plaintiff required a walking aid only when "traversing uneven terrain." (*See* ALJ Decision, PageID.51.)

Plaintiff argues that the use of a cane is not compatible with light work, citing *Love v. Commissioner of Social Security*, 605 F. Supp. 2d 893 (W.D. Mich. 2009). In that case, the court discerned a "fundamental illogic" in the ALJ's conclusion that the plaintiff could carry 20 pounds when he required a "hand-held assistive device to ambulate." *Id.* at 907 (quotation marks omitted).

*Love* is distinguishable. Here, the ALJ determined that Plaintiff required a handheld assistive device only when traversing uneven terrain. As the magistrate judge noted, that limitation is compatible with lifting or carrying 20 pounds. *See Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002) (where cane used "for 'insurance'" and "was not a necessary device," "it cannot be considered an exertional limitation that reduced [the claimant's] ability to [perform light] work").

3

Plaintiff's related contention that cane usage is incompatible with SSR 83-10 and the Musculoskeletal System Listings in 20 C.F.R., Pt. 404, Subpart P, Appendix 1, § 1.00B(2)(b)(1) (eff. Feb. 19, 2002), is also meritless.  The policy statement in SSR 83-10 provides that light work requires "a good deal of walking or standing[.]"  SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983); 20 C.F.R. § 416.967(b).  In other words, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Id.* at *6.  In addition, the commentary in the Musculoskeletal System Listings indicates that "a person cannot ambulate effectively if he cannot walk a block at a reasonable pace on rough or uneven surfaces."  (Pl.'s Objs., PageID.746.)  However, the need to use a cane for navigating uneven terrain is not inconsistent with these requirements.  It suggests that Plaintiff has difficulty with balance; it does not mean that he is unable to stand or walk for 6 hours of a day.  Nor does it mean that he cannot walk at a reasonable pace on rough or uneven surfaces.

Plaintiff also relies on *Gayheart v. Commissioner of Social Security*, 710 F.3d 365 (6th Cir. 2013), contending that the ALJ did not give sufficient weight to Plaintiff's treating physician, Dr. Lawson.  Plaintiff contends that "[s]imply saying that the opinion is not consistent with the Record is not enough."  (Objs., PageID.746.)  However, the magistrate judge reviewed this issue and properly determined that the ALJ gave specific reasons for discounting Dr. Lawson's opinion.  (R&R 10-11.)  In addition, the magistrate judge noted that Dr. Lawson issued his opinion in July 2018, more than a year after Plaintiff's disability benefits expired.  Dr. Lawson did not state that his opinion applied before that date; thus, his opinion had little relevance to Plaintiff's claim that he was disabled prior to June 2017.  (*See id.* at 11 n.4.)

Plaintiff contends, without support, that the ALJ should not have considered Plaintiff's history of conservative treatment as a factor in assessing the severity of Plaintiff's condition.  There

4

was nothing improper about considering that evidence.  *See Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1001 (6th Cir. 2011) (finding that "modest treatment regimen" is "inconsistent with a finding of total disability").

Plaintiff suggests that the ALJ should have considered whether Plaintiff could afford additional treatment and whether that additional treatment would have restored his ability to return to work.  However, the case cited by Plaintiff, *Fraley v. Sec'y of Health & Human Servs.*, 733 F.2d 437 (6th Cir. 1984), is inapposite.  In that case, the ALJ denied benefits because the claimant allegedly refused to follow prescribed treatment, as required by 20 C.F.R. § 404.1530.  *Fraley*, 733 F.2d at 440.  Here, the ALJ made no such finding.  Rather, the ALJ considered the treatment received by Plaintiff as one factor in determining the extent of Plaintiff's impairment.  That consideration was proper.

For all the foregoing reasons, Plaintiff's objections are meritless.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 17) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 16) is **ACCEPTED** and **ADOPTED** as the Opinion of this Court.

A judgment will enter consistent with this order.

Dated:   November 9, 2020               /s/ Hala Y. Jarbou
                                                           HALA Y. JARBOU
                                                           UNITED STATES DISTRICT JUDGE